FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, and JAMES S. JORGENSEN, Administrator of the Funds,<br><br>Plaintiffs,<br><br>v.<br><br>CARTER'S EXCAVATING & GRADING COMPANY and WILLIE H. CARTER,<br><br>Defendants. | Case No. 14 C 8373<br><br>Judge Robert W. Gettleman<br><br>Magistrate Judge Soat Brown |

**PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**

Plaintiffs, the Laborers' Pension Fund and Laborers' Welfare Fund of the Health and Welfare Fund of the Health and Welfare Department of Construction and General Laborers' District Council of Chicago and Vicinity, and James S. Jorgensen, Administrator of the Funds (the "Funds"), by their attorneys, hereby move for judgment of damages in sum certain against Defendants, Willie H. Carter ("Carter") and Carter's Excavating & Grading Company (the "Company"), pursuant to Rule 55 of the Federal Rules of Civil Procedure. In support of this Motion, Plaintiffs by and through their attorneys state the following:

1.  On October 24, 2014, Plaintiffs filed a complaint under Sections 502(e)(1) and (2) of the Employee Retirement Income Security Act, as amended, 29 U.S.C. §1132(e)(1) and (2); Section 301(a) of the Labor Management Relations Act, as amended, 29 U.S.C. §185(a); and 28

1

U.S.C. §1331 alleging that at all material times the Defendants Carter and the Company (an unincorporated entity– See, Dk. No. 15, Exh. A, Sec. of State, Corp. Detail Report), has an obligation, arising from a collective bargaining agreement to make contributions to the Plaintiffs' Funds, to submit to an audit upon demand and to obtain and maintain a surety bond (See, Dk. 1, Exh. A, CBA). In this Complaint, Plaintiffs specifically alleged that the Defendants failed to report and pay contributions from March 2014 to the present. Plaintiffs requested relief included producing books and records for an audit, covering the audit period from October 1, 2011 to the present (See Dk. No. 1, Complaint).

2. The undersigned contacted Carter by telephone on February 6, 9, 13 and 16, 2015 and by email on February 9 and 19, 2015, in regard to accepting (or waiving) service (See Dk. No. 7, ¶4).

3. On April 12, 2015, Abode Service was effectuated on Willie H. Carter at 1130 W. 104th Street, Chicago, Illinois (See Dk. No. 15, Exh. B, Affidavit of Special Process Server). Defendants failed to Answer or otherwise plead, and are in default, as more than twenty days have past.

4. As established by the Funds' Field Department Representative, Michael Christopher, the Funds' auditors reviewed the Defendants' incomplete books and records, and inspected payroll records provided by a general contractor, reflecting contributions were due to the Funds for the period covering October 1, 2011 through September 30, 2014. On September 15, 2015 a letter and a copy of the auditors' report was sent to the Defendants by email and regular mail with a deadline for presenting any objections to the audit report, and Defendants did not respond. The auditors' report dated September 14, 2015, reflects principal contributions owed to the Welfare, Retiree Welfare, Pension, Training, ISPA, LDCLMCC, LECET funds, and for Union dues in the total

amount of $5,612.19, and accumulated liquidated damages and dues penalties in the amount of $2,154.25 (See, Michael Christopher Affidavit, Exhibit A, ¶¶5-6; the Audit Report, Exhibit B).

5. According to the Collective Bargaining Agreement and the respective Trust Agreements to which the Defendants are bound, payment is also owed for liquidated damages in the amount of 20% (twenty percent) of the unpaid or late contributions to the Welfare, Welfare Retiree, Pension, and Training funds, and 10% (ten percent) of the principal amount of delinquent contributions to the ISPA, LDCLMCC, LECET funds, and for Union dues. Additionally, interest is calculated at twelve percent and is owed for all delinquencies. As established by the affidavit of Mr. Christopher, the liquidated damages owed pursuant to the audit to the Welfare, Retiree Welfare, Pension and Training funds amount to $1,050.19, and the liquidated damages to the ISPA, LDCLMCC, LECET funds, and for Union dues amount to $36.12. Interest is due in the amount of $310.67 (Christopher Affidavit, Exh. A, at ¶7). These amounts are detailed in the summary report that Mr. Christopher prepared in this matter and that is attached hereto as Exhibit C.

6. The cost of the audit billed to the Funds was $1,301.60, which Defendants are also obligated to pay, based on the respective Trust Agreements to which they are bound. (Christopher Affidavit, Exh. A, ¶9; Audit Report, Exh. B).

7. Plaintiffs are entitled to attorneys' fees and costs under ERISA, 29 U.S.C.§1132(g)(2)(B). The attached affidavit of Sara Stewart Schumann establishes the amount of attorneys' fees incurred in this matter are $9,772.00 and $515.00 in costs, consisting of service of process and filing fees (Christopher Affidavit, at ¶9; Sara Stewart Schumann Affidavit, Exhibit D; Fee Report, Exhibit D1).

**WHEREFORE,** Plaintiffs request entry of judgment against the Defendants Willie H. Carter

and Carter's Excavating & Grading Company, requesting that the Court order judgment in a total amount of $20,752.03 to be entered. Further, Plaintiffs request the Court's order specify that Defendants must report the hours of covered employees on a monthly basis and pay current contributions as they become due as required under the collective bargaining agreement, and provide written proof that it has obtained a surety bond to Plaintiffs' counsel, Sara S. Schumann, Esq., Allison, Slutsky & Kennedy, P.C., 230 W. Monroe Street, Suite 2600, Chicago, IL 60606, within sixty days of execution of the order.

Respectfully submitted,

/s/ Sara S. Schumann
*One of Plaintiffs' attorneys*

Karen I. Engelhardt
Sara S. Schumann
ALLISON, SLUTSKY & KENNEDY, P.C.,
230 W. Monroe Street Suite 2600
Chicago, IL 60606
(312) 364-9400

September 23, 2015